# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:

Thomas W. Beaumont,

Debtor.

C/A No. 16-00060-DD

Chapter 7

**ORDER ON MOTIONS FOR RELIEF FROM STAY**

This matter is before the Court on three Motions for Relief from Stay ("Motions") filed by South State Bank on February 10, 2016 [Docket Nos. 14, 16, 17]. The Motions seek relief from stay as to the following: (1) a mortgage on real property located at 37 Youmans Estate Road, Hardeeville, SC 29927 and a 1995 Fleetwood Hickory Hill Mobile Home located thereon; (2) a mortgage on parcels of real property located at 1792 Church Road, Hardeeville, SC 29927 and 41 McElwee Estates Road, Hardeeville, SC 29927; and (3) a security agreement on a 1997 Destiny, Oakwood mobile home and a 2001 Destiny, Oakwood mobile home. Thomas W. Beaumont ("Debtor") filed Amended Schedules with a Negative Notice on February 16, 2016 [Docket No. 19],[1] which the Court construed as an objection to South State Bank's Motions. South State Bank filed an Objection to Mr. Beaumont's Amended Schedules with Negative Notice on February 23, 2016 [Docket No. 22].

South State Bank's Motions were originally scheduled for March 3, 2016 and were continued by the Court to March 22, 2016 [Docket No. 23].[2] On March 14, 2016, Debtor filed multiple pleadings, including a Motion for Continuance [Docket No. 39], Request for Scheduling Order/Consultation Between Parties [Docket No. 38] ("Motion for Scheduling Order"), and

---

[1] The Negative Notice states, "I hereby give notice to any alleged creditors to come to this court and prove under penalty of perjury any claims they have in this case."
[2] The hearings on the Motions were continued from March 3, 2016 to March 22, 2016 at 9:00 a.m. in Charleston because the Court conducted hearings by video on March 3, and typically conducts contested hearings only in person.

Motion to Have Multiple Hearings on Same Date and Reschedule Examination and Creditors Meeting [Docket No. 34] ("Motion to Reschedule"). The Court entered an Order providing South State Bank until March 17, 2016 to file a response to these pleadings [Docket No. 41], and South State Bank filed an Objection on March 17 [Docket No. 42]. On March 18, the Court entered an Order Denying Debtor's Motion for Continuance, Motion for Scheduling Order, and Motion to Reschedule [Docket No. 44]. On March 21, 2016 Debtor filed a response to South State Bank's Objection [Docket No. 46] and a Motion for Scheduling Order for Discovery and Granting of Continuance [Docket No. 47]. On the same date, at 4:46 p.m., Debtor also filed a Notice of Appeal and Motion for Leave to Appeal [Docket No. 49, 51]. Debtor did not request a stay pending appeal in connection with his Notice of Appeal and Motion for Leave to Appeal.

A hearing was held on South State Bank's Motions on March 22, 2016. Debtor and counsel for South State Bank appeared at the hearing. At the hearing, Mr. Beaumont objected to the hearing being held because of his pending appeal. However, Mr. Beaumont conceded that he had not requested a stay pending appeal. Mr. Beaumont also objected to the hearing being held because he argued that this Court does not have subject matter jurisdiction to hold hearings on South State Bank's Motions since he argues that South State Bank has not proven it is a creditor. At the conclusion of the hearing, the Court granted South State Bank's Motions. The Court now issues this Order.

Because Debtor did not request a stay pending appeal, the hearings on South State Bank's Motions were not stayed. District courts of the United States have jurisdiction to hear appeals from final or interlocutory orders of the bankruptcy court. 28 U.S.C. § 158(a); *see* Fed. R. Bankr. P. 8003, 8004. The difference between the two types of appeals is both substantive and procedural. "'A final decision generally is one which ends the litigation on the merits and leaves nothing for

2

the court to do but execute the judgment.'" *In re Massey*, 21 F. App'x 113, 114 (4th Cir. 2001) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *see also Flanagan v. United States*, 465 U.S. 259, 263 (1984) ("This final judgment rule requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.'") (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981)). "In contrast, an interlocutory order is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits." *Culver v. Molinario*, 67 F.3d 294, 294 (4th Cir. 1995) (citing *In re Abingdon Realty Corp.*, 634 F.2d 133 (4th Cir. 1980) (per curiam)) (table decision). The taking of an appeal generally deprives the lower court of jurisdiction over the matters under appeal. *Melrose Club, Inc. v. Onorato (In re Daufuskie Island Props., LLC)*, 441 B.R. 49, 55 (Bankr. D.S.C. 2010) (citing *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991)).

Denials of continuance requests are not orders that end litigation, and thus are interlocutory, not final, orders. *See Cont'l Cas. Co. v. Curran*, 612 F. App'x 687, 688 (4th Cir. 2015) (per curiam); *see also United States v. Fletcher*, 63 F. App'x 176 (4th Cir. 2003) (per curiam). The filing of an appeal of an interlocutory order does not automatically stay the remaining proceedings. 10 Collier on Bankruptcy ¶¶ 8007.02, 8007.11; *Georgia Jewelers, Inc. v. Bulova Watch Co.*, 302 F.2d 362, 370 (5th Cir. 1962). Fed. R. Bankr. P. 8007(a) sets forth the procedures for obtaining a stay pending appeal and requires that, in general, an initial motion for stay pending appeal be made in the bankruptcy court.

Debtor appealed the Court's order denying his Motion for Scheduling Order, Motion for Continuance, and Motion to Reschedule. That order relates to Debtor's request for discovery in his bankruptcy case and to his request for hearings in the bankruptcy case to be rescheduled.

3

Therefore, the order Debtor has appealed is an interlocutory, not final, order. Debtor filed a Motion for Leave to Appeal with his Notice of Appeal, which is pending in the District Court.[3] However, Debtor did not request a stay pending appeal, either in this Court or in the District Court. Accordingly, the hearings on South State Bank's Motions were not stayed, and Debtor's objection to the hearings being held while his appeal is pending is without merit.

Further, contrary to Debtor's arguments, this Court has subject matter jurisdiction to hear South State Bank's Motions. 28 U.S.C. § 157(a) provides that each district court may refer all cases under title 11 and any proceedings "arising under title 11 or arising in or related to a case under title 11" to the district's bankruptcy judges. The United States District Court for the District of South Carolina has entered a Standing Order Concerning Title 11 Proceedings Referred Under Local Civil Rule 83.IX.01, which provides that all such cases are referred to the bankruptcy judges for the district. 28 U.S.C § 157(b)(1) provides that bankruptcy judges may "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a)." What constitutes a core proceeding is set forth in 28 U.S.C. § 157(b)(2), and includes "motions to terminate, annul, or modify the automatic stay." 28 U.S.C. § 157(b)(2)(G). Thus, South State Bank's Motions are core proceedings, and this Court has subject matter jurisdiction to hold hearings on them.

Debtor's argument that the Court could not hold hearings on South State Bank's Motions because South State Bank has not proven it is his creditor is also without merit. Relief from stay hearings are summary in nature. *In re Beach First Nat'l Bancshares, Inc.*, 451 B.R. 406, 410 (Bankr. D.S.C. 2011) (citing *Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 219 (4th Cir. 1994)). *See also Rivera v. JP Morgan Chase Bank (In re Rivera)*, 2014 WL 287517,

---

[3] According to the District Court's docket in the appeal, Case No. 9:16-mc-00091-CWH-MGB, responses to Debtor's Motion for Leave to Appeal are due April 8, 2016.

at *5 (Bankr. E.D. Va. Jan. 27, 2014) (citations omitted); *In re Sears*, 2013 WL 2147803, at *7 (Bankr. W.D.N.C. May 16, 2013) (quoting *In re Vogler*, 2009 WL 4113704, at *3 (Bankr. M.D.N.C. Nov. 25, 2009)). "Given this summary nature, 'relief from stay proceedings only require a determination of whether a creditor has a colorable claim to the estate property at issue.' 'Questions of the validity of liens are not generally at issue in a § 362 hearing, but only whether there is a *colorable* claim of a lien on property of the estate.'" *Sears*, 2013 WL 2147803, at *7 (quoting *Vogler*, 2009 WL 4113704, at *3; *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1234 (7th Cir. 1990)). Admitted into evidence was a copy of a state court Order Granting [South State Bank's] Motion for Summary Judgment as to All Causes of Action (Foreclosure of Mortgages, Reformation of Mortgage, and Claim and Delivery of Mobile Homes). The Court also took judicial notice of the records of the Court of Common Pleas for the County of Jasper in Case No. 2015-CP-27-00198. Thus, any disputes that Debtor may have regarding the validity of South State Bank's claims do not have to be heard or determined by the Court in order to rule on South State Bank's Motions. The purpose of the Motions is to determine whether the automatic stay in Debtor's bankruptcy case should be lifted to allow the parties to proceed with whatever remedies they may have outside this Court.

South State Bank's Motions seek relief from stay pursuant to 11 U.S.C. § 362(d)(1). That section provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as be terminating, annulling, modifying, or conditioning such stay --
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

South State Bank argues that cause exists to lift the stay for lack of adequate protection, and additionally, because the Special Referee for Jasper County has already granted South State Bank

5

summary judgment as to foreclosure of both mortgages and as to claim and delivery of all mobile homes. As a result, South State Bank argues that the stay should be lifted to allow the parties to go back to state court and complete the litigation there.

The bankruptcy code does not define "cause" for purposes of section 362(d)(1). *In re Gibson*, 450 B.R. 585, 587 (Bankr. D.S.C. May 26, 2011) (citing *In re Beach First Nat'l Bancshares, Inc.*, 451 B.R. 406, 410 (Bankr. D.S.C. 2011)). Instead, "courts must look at the specific facts of the case and the totality of the circumstances in order to determine whether cause to grant relief from stay has been established." *Gibson*, 450 B.R. at 587-88 (citing *Beach First Nat'l Bancshares*, 451 B.R. at 410). Courts have frequently considered whether "cause" exists to allow parties to continue litigation in another forum, and in doing so, have found that they "'must balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied.'" *Robbins v. Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)). In applying this balancing test, a court should consider the following factors:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there will be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Robbins*, 964 F.2d at 345. "Lifting the stay to pursue litigation in another forum has been found appropriate . . . if the stayed non-bankruptcy litigation has reached an advanced stage and it would cause hardship to begin litigation in another forum." *In re Mitchell*, 2016 WL 762698, at *6.

Here, the Court finds that cause exists to grant South State Bank's Motions and lift the stay so that the pending state court litigation can proceed. The special referee has already granted

summary judgment to South State Bank on foreclosure of its mortgages on Debtor's real property and on the claim and delivery of Debtor's mobile homes. Debtor has indicated that he disputes the findings of the special referee; however, this Court cannot review the judgment of a state court for correctness. *See In re Drawdy*, 2001 WL 1805998, at *4 (Bankr. D.S.C. Sept. 20, 2001) (discussing the Rooker-Feldman doctrine, stating that it "bars lower federal courts from undertaking appellate review of state court decisions"). Debtor may exercise whatever state court appeal rights he may have in connection with his defenses. No particular issues of bankruptcy law are involved in the parties' dispute regarding the underlying claims; as a result, this Court's expertise is not necessary. This is not a bankruptcy case in which Debtor seeks to reorganize his financial affairs. Debtor is only seeking a discharge of indebtedness, which would not extinguish any lien. *See Long v. Bullard*, 117 U.S. 617 (1886). Further, the special referee is familiar with the issues in the litigation, having entered summary judgment, while this Court is unfamiliar with the issues involved; thus, granting relief from stay will promote judicial economy. Finally, while Debtor will suffer little harm if the stay is lifted, since he has had, and will have, the opportunity to contest South State Bank's claims in state court,[4] South State Bank will suffer significant harm if the stay is not lifted and it is required to essentially start over in this Court. It appears that cause exists to grant South State Bank relief from stay under section 362(d)(1).

---

[4] Debtor also commenced an action against South State Bank and "Unknown Trustees 1-10" in the United States District Court for the District of South Carolina on December 2, 2015. *See* District Court Case No. 9:15-mc-00385-CWH-MGB. That case was dismissed on December 4, 2015. Debtor requested a rehearing, which was denied by the District Court. Debtor appealed the District Court's decision, and the Fourth Circuit affirmed the District Court's decision on March 22, 2016.

7

## **CONCLUSION**

For the reasons set forth above, South State Bank's Motions are granted. The automatic stay is lifted to allow South State Bank to proceed with its state law remedies with respect to its collateral outside this Court.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**03/28/2016**



Entered: 03/28/2016

/s/ David R. Duncan

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

8